UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN PATRICK BAILEY,

        Plaintiff,

-vs-                                        Case No. 5:05-cv-464-Oc-10GRJ

TOWN OF LADY LAKE, FLORIDA, SUE GAY, CATHY THURMANN, ED NATHANSON,

        Defendants.
_____/

**O R D E R**

The Plaintiff, John Patrick Bailey, has filed suit against the Town of Lady Lake and three of its officers and employees, alleging racial discrimination in employment pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983. The three individual Defendants have filed a Motion to Dismiss (Doc. 6), seeking to have all claims against them dismissed with prejudice. The Plaintiff has responded to the motion (Doc. 12), and it is ripe for the Court's consideration. For the reasons set forth below, the motion is due to be granted.

**Factual Background**

The following facts are alleged in the Plaintiff's Complaint (Doc. 1) and are taken as true for purposes of the motion to dismiss. The Plaintiff, John Patrick Bailey, is an African-American male residing in Lake County, Florida. In October of 1999, Bailey was hired as a police officer for the Town of Lady Lake Police Department. His job duties included enforcing local, state and federal laws, protecting and serving the community, preventing

and investigating crimes, and protecting and processing evidence. Throughout his employment as a Town of Lady Lake police officer, Bailey met or exceeded all performance expectations.

During all relevant times, Defendant Cathy Thurmann was the Commander and/or Assistant Chief of Police for the Town of Lady Lake Police Department. Defendant Sue Gay was the Acting Town Manager of the Town of Lady Lake. At certain points in time during the relevant time period, Gay was also the Clerk of the Town of Lady Lake. Defendant Ed Nathanson was the Chief of Police for the Town of Lady Lake Police Department. Although it is not clear from the Complaint, it appears that Defendants Thurmann, Gay and Nathanson acted as Baileys' supervisors, and the Town of Lady Lake was Bailey's employer.

According to Bailey, throughout his employment as a police officer he suffered constant discrimination and harassment due to his race, and was treated differently than similarly situated non-black employees. More specifically, Bailey was subjected to derogatory comments about his race, denied promotions, unfairly disciplined, demoted, and denied educational opportunities available to similarly situated non-black employees. Bailey alleges he complained about his discrimination and harassment, but it is unclear who he complained to. In response to his complaints, all of the Defendants retaliated against Bailey by reprimanding him, denying him due process with respect to his employment, interfering with his business reputation and employment opportunities, denying him a promotion, and suspending and ultimately terminating his employment.

On November 15, 2005, Bailey filed his Complaint in this case (Doc. 1), against all four Defendants. His Complaint consists of four counts: (1) a claim under 42 U.S.C. § 1981 alleging that the Defendants have a policy and procedure for discriminating against protected classes and intentionally discriminated against Bailey because of his race; (2) a second claim under § 1981 alleging that the Defendants intentionally retaliated against Bailey because of his complaints concerning the discrimination and harassment he was subjected to; (3) a claim under 42 U.S.C. § 1983 alleging that the Defendants, while acting under color of state law, intentionally discriminated against Bailey and deprived him of his property and liberty interest in employment, as well as his business reputation; and (4) a second claim under § 1983 alleging that the Defendants, while acting under color of state law, deprived Bailey of his property and liberty interest in employment and business reputation by depriving him of due process, terminating his employment, interfering with his business relations and employment opportunities, and intentionally retaliating against him. Bailey seeks relief in the form of compensatory damages, front and back pay, punitive damages, and attorneys' fees and costs.

The Town of Lady Lake filed an answer to the Complaint on February 3, 2006 (Doc. 5). The three individual Defendants filed their motion to dismiss (Doc. 6) on that same day.

**Standard of Review**

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with

a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv. 400 F.2d 465, 471 (5th Cir. 1968). Thus, if a complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently plead. Dotschay v. Nat. Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957). As the Supreme Court declared in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." See also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971). The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

**Discussion**

Defendants Gay, Thurman and Nathanson have filed a joint motion to dismiss all claims against them on several grounds. First, they contend that Bailey cannot sue them

under § 1983 in their official capacity, because such claims are essentially the same as - and thus subsumed by - Bailey's claims against the Town of Lady Lake itself. These individual Defendants also contend that they cannot be sued under 42 U.S.C. § 1981 because a claim for racial discrimination under § 1981 by itself does not exist - rather it must be brought only under 42 U.S.C. § 1983. Finally, the individual Defendants argue that to the extent Bailey seeks relief against them in their individual capacities under § 1983, these claims must fail because the Defendants are protected by the doctrine of qualified immunity.

It is not clear from the face of the Complaint whether Bailey has sued Defendants Gay, Thurmann and Nathanson in their official capacities as officers and employees of the Town of Lady Lake, in their capacities as individuals acting under color of state law, or both. As such, the Court will address each of the Defendants' arguments in turn.

A.   Official Capacity Claims Under 42 U.S.C. § 1983 - Counts III and IV.

Suits brought against individuals in their official capacity pursuant to 42 U.S.C. § 1983 "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55 (1987). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985) (citing Brandon v. Holt, 469 U.S. 464, 471-72 (1985); see also Owens v. Fulton County, 877 F.2d 947, 951, n. 5 (11th Cir. 1989). Moreover, "[b]ecause suits against a municipal officer sued in his

official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly . . . ." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Thus, when a suit is filed against both a governmental entity and the entity's officers and employees in their official capacities, it is appropriate for the Court to dismiss the named individual defendants in their official capacities as "redundant and possibly confusing to the jury." Id.

In the case at bar, Bailey has sued both the Town of Lady Lake and three of its officers and employees under the same federal statutes and alleging the same unlawful actions. Suit against these three individuals in their official capacities is duplicative of the suit against the Town of Lady Lake, and therefore should be dismissed. Bailey has made no effort in his opposition papers to refute the Defendants' arguments on this issue, thus it appears that Bailey has conceded that his claims against Defendants Gay, Thurmann and Nathanson cannot go forward in their official capacities. To the extent such official capacity claims are alleged in the Complaint, they are due to be dismissed with prejudice. See Ripley v. City of Lake City, Florida, Case No. 3:04-cv-01328-JHM-MCR, 2005 WL 1862690 (M.D. Fla. Aug. 4, 2005).

B.   Claims Under 42 U.S.C. § 1981 - Counts I and II.

Defendants Gay, Thurmann and Nathanson next contend that Bailey cannot assert any claims against them in their official and individual capacities under 42 U.S.C. § 1981, because such claims have been subsumed by 42 U.S.C. § 1983. Again, Bailey provides

no response to this argument in his opposition. And again, the individual Defendants are correct.

It is the law of this Circuit that § 1981 claims have been "effectively merged into the section 1983 claim for racial discrimination." Busby, 931 F.3d at 771, n. 6. This occurs because "the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." Id. (quoting Jett v. Dalls Independent School District, 491 U.S. 701, 735 (1989)). See also Brown v. City of Ft. Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991) (holding that any relief available under § 1981 was duplicative of that available under § 1983). Because § 1981 provides no different remedies against a state actor than § 1983, and since they merge into one another, Bailey's claims against the individual Defendants - in both their individual and official capacities - under § 1981 no longer exist and are due to be dismissed with prejudice. See, e.g., St. Louis v. Sands, 401 F. Supp.2d 1351, 1358 (S.D. Fla. 2005) (merging § 1981 claim brought against state actor in individual capacity with § 1983 claim).

C.  Qualified Immunity.

Having dismissed Bailey's § 1983 official capacity claims against Defendants Gay, Thurman and Nathanson, and Bailey's § 1981 claims, all that remains against these individual Defendants are Bailey's claims against them under § 1983 in their individual

capacities. The individual Defendants attack these clams, arguing that they should be dismissed under the doctrine of qualified immunity.

When a plaintiff sues a municipal officer in his or her individual capacity for alleged civil rights violations, the officer may raise an affirmative defense of qualified immunity. See Kentucky v. Graham, 473 U.S. 159, 166-67 (1985). Under the doctrine of qualified immunity, governmental officers are entitled to immunity from suit "as long as their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Baltimore v. City of Albany, ___ F.3d ___, 2006 WL 1582044, *3 (11th Cir. Jun. 9, 2006) (quoting Lee v. Ferraro, 284 F.3d 1188, 1193-94 (11th Cir. 2002)) (additional quotations omitted). As such, "qualified immunity allows officials to 'carry out their discretionary duties without the fear of personal liability or harassing litigation[.]" Id. (quoting Lee, 284 F.3d at 1194).

The Supreme Court follows a two-part analysis when evaluating a qualified immunity defense. The first, threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish that the individual defendant violated a constitutional right. Hope v. Pelzer, 536 U.S. 730, 736 (2002); Saucier v. Katz, 533 U.S. 194, 200 (2001). If the plaintiff satisfies this burden, then the court must determine whether the plaintiff has proven that the constitutional right at issue was clearly established. Hope, 536 U.S. at 739; Saucier, 533 U.S. at 200. "[T]hat is 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Groh v. Ramirez, 540 U.S. 551, 563 (2004) (quoting Saucier, 533 U.S. at 202)). See also Evans v. Stephens, 407 F.3d

1272, 1282 (11th Cir. 2005). The applicable law is clearly established if the " 'preexisting law dictates, that is, truly compel[s],' the conclusion for all reasonable, similarly situated public officials that what Defendant was doing violated Plaintiffs' federal rights in the circumstances." Marsh v. Butler County, 268 F.3d 1014, 1031 (11th Cir.2001) (en banc) (citation omitted).

The individual Defendants claim that they were acting within the scope of their discretionary authority because, as alleged in the Complaint, at all relevant times they were acting in the course and scope of their employment when they supervised and disciplined Bailey. There is no dispute on this issue. The individual Defendants further argue that Bailey has failed to allege that they violated a clearly established law, because Bailey has not alleged with specificity the acts of discrimination Bailey contends he was subject to. Notably, the individual Defendants do not contend that the right to be free from racial discrimination and retaliation in the workplace is not clearly established law, rather, they contend that Bailey has not sufficiently pleaded his claims under § 1983's heightened pleading requirement. See GRJ Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359, 1367 (11th Cir. 1998). The Court agrees.

Although Bailey's Complaint does an adequate job of listing the various acts of discrimination which form the subject of this Complaint, his claims under § 1983 suffer from a different, fatal flaw. There is no mention of any specific constitutional rights which he alleges were violated. Instead, Bailey states in conclusory fashion that he was deprived of the "rights, privileges and immunities guaranteed to him under the Constitution and/or

9

the Laws of the United States." Complaint, ¶ 15.  Even without the heightened pleading requirement, this broad statement is not sufficient to allege a claim under § 1983, nor is it sufficient to allow the individual Defendants to determine whether the defense of qualified immunity even applies.  For example, it is not clear whether Bailey is alleging that his equal protection rights were violated, his rights to procedural due process, his rights to substantive due process, or any other constitutional right.  Whether, and to what extent Bailey contends these, or other constitutional rights were violated, will determine the appropriate analysis for qualified immunity purposes, and other potential defenses the individual Defendants may have.  Indeed, Bailey cannot even establish a prima facie case under § 1983 without first identifying the precise constitutional rights he alleges were violated.  See Graham v. Connor, 490 U.S. 386, 393 (1989) (Section 1983, by itself, does not create any substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred."); Baker v. McCollan, 443 U.S. 137, 140 (1979) (the first step in a § 1983 claim is "to isolate the precise constitutional violation with which [the defendant] is charged.").  Thus, without more specificity, Bailey's claims under § 1983 against the individual Defendants cannot go forward.

## Conclusion

Accordingly, upon due consideration, it is ORDERED and ADJUDGED that:

(1)   The individual Defendants' Motion to Dismiss (Doc. 6) is GRANTED;

(2) All claims against Defendants Gay, Thurman and Nathanson brought under 42 U.S.C. § 1981 are DISMISSED WITH PREJUDICE (Counts I and II);

(3) All claims against Defendants Gay, Thurman and Nathanson in their official capacity as officers and employers of the Town of Lady Lake brought under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE (Counts III and IV);

(4) All claims against Defendants Gay, Thurman and Nathanson in their individual capacities brought under 42 U.S.C. § 1983 are DISMISSED WITHOUT PREJUDICE; and

(5) The Plaintiff may file an amended complaint within twenty (20) days of the date of this Order correcting the deficiencies discussed in this Order.  Failure to submit an amended complaint within this time period will result in the dismissal with prejudice of the remaining claims against the individual Defendants.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 20th day of July, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record