UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN PATRICK BAILEY,

                Plaintiff,

-vs-                                  Case No.  5:05-cv-464-Oc-10GRJ

TOWN OF LADY LAKE, FLORIDA,  SUE
GAY, CATHY THURMANN, ED
NATHANSON,

                Defendants.
_____/

## O R D E R

This case is before the Court for consideration of the following motions: (1) the Defendants' Motion to Strike Plaintiff's Claims for Punitive Damages (Doc. 20); and (2) Defendants Sue Gay, Cathy Thurmann, and Ed Nathanson's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 21).

The Plaintiff, a former police officer for the Town of Lady Lake, Florida, filed a four count Complaint on November 15, 2005 (Doc.  1).  The Complaint alleged racial discrimination in employment against the Defendants pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983.[1]  On August 8, 2006, the Plaintiff filed an Amended Complaint (Doc.  18).

_____

[1]On July 20, 2006, the Court entered an Order (Doc.  17) dismissing with prejudice all § 1981 claims brought against Defendants Sue Gay, Cathy Thurmann, and Ed Nathanson in their individual and official capacities, and all § 1983 claims against those Defendants in their official capacities.  The Court also dismissed without prejudice all § 1983 claims brought against Defendants Gay, Thurmann and Nathanson in their individual capacities, and provided the Plaintiff with twenty (20) days to file an amended complaint.

It consists of four claims: (1) a § 1981 claim alleging that the Defendant Town of Lady Lake has a policy and procedure for discriminating against protected classes and intentionally discriminated against the Plaintiff because of his race; (2) a § 1981 retaliation claim against the Town of Lady Lake; (3) a § 1983 claim against all Defendants alleging that, while acting under color of state law, they intentionally discriminated against the Plaintiff and deprived him of his property and liberty interest in employment, as well as his business reputation; and (4) a § 1983 claim against all Defendants, alleging that they intentionally retaliated against the Plaintiff and deprived him of his property and liberty interest in employment and his business reputation.

In response to this Amended Complaint, the Defendants filed a joint motion to strike the Plaintiff's claims for punitive damages, (Doc.  20), to which the Plaintiff has not responded.  Defendants Gay, Thurmann, and Nathanson (the "Individual Defendants") also filed a motion to dismiss all remaining claims against them (Doc. 21).  The Town of Lady Lake has not moved to dismiss any causes of action, and has filed an Answer (Doc.  29).[2] For the reasons discussed below, the joint motion to strike the Plaintiff's claims for punitive damages is due to be granted in part and denied in part, and the Individual Defendants' motion to dismiss is due to be granted in part and denied in part.

---

[2]After both motions became ripe, counsel for the Plaintiff moved to withdraw from this case (Doc.  43).  The Court granted the motion on December 27, 2006 (Doc.  44), and the Plaintiff has been proceeding *pro se* since that time.

## Factual Background

The facts as alleged in the Plaintiff's Amended Complaint (Doc. 18), are virtually identical to those in his initial Complaint (Doc. 1), and have been previously summarized by the Court (Doc. 17).  In short, the Plaintiff, John Bailey, is an African-American male who was employed as a police officer for the Town of Lady Lake Police Department.  The Individual Defendants were Bailey's supervisors and various town officials and employees. The Town of Lady Lake was Bailey's employer.  Bailey alleges that all of the Defendants discriminated against him and subjected him to constant harassment based on his race, and that he was treated differently than similarly situated non-black employees.  More specifically, Bailey was subjected to derogatory comments about his race, denied promotions, unfairly disciplined, demoted, and denied educational opportunities available to similarly situated non-black employees.

Bailey complained to each of the Individual Defendants about his discriminatory treatment and harassment.  Instead of remedying the situation, the Individual Defendants conspired to retaliate against Bailey by reprimanding him, denying him due process with respect to his employment, interfering with his business reputation and employment opportunities, denying him a promotion, suspending and otherwise disciplining him, and ultimately terminating his employment.

Bailey contends that the Individual Defendants acted with a deliberate and knowing intent to deprive him of his Constitutional rights, including his First Amendment right to be

3

free from retaliation for making complaints of discrimination, his Fourteenth Amendment right to equal protection, and his due process rights.  He also contends that the Town of Lady Lake knew or should have known about the discrimination and retaliation Bailey suffered and failed to take sufficient prompt remedial action to prevent such conduct.

### Standard of Review

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv. 400 F.2d 465, 471 (5th Cir. 1968).  Thus, if a complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently plead.  Dotschay v. Nat. Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957).  As the Supreme Court declared in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." See also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971).  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47.  Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. However, "while notice pleading may not require that the pleader allege a 'specific fact'

to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  <u>Roe v. Aware Woman Center for Choice, Inc.</u>, 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

<u>Discussion</u>

**I.      Joint Motion to Strike Punitive Damages**

In each of his claims under §§ 1981 and 1983, Bailey seeks damages in the form of front and back pay and benefits, attorneys' fees and costs, and compensatory and punitive damages.  All of the Defendants jointly seek to have Bailey's requests for punitive damages stricken from each claim.  The Town of Lady Lake, which is named as a defendant in each claim, argues that punitive damages are not recoverable against it because it is a municipality.  The Court agrees.

Bailey's claims against the Town of Lady Lake center on his alleged discrimination, harassment, and retaliation.  Title 42 U.S.C. § 1981a authorizes the types and amounts of damages recoverable by a plaintiff in a discrimination action, such as the claims presently before the Court.  With respect to punitive damages, § 1981a provides that

> a complaining party may recover punitive damages . . . against a respondent (<u>other than a government, government agency or political subdivision</u>) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1) (emphasis added).

5

There can be no real dispute that the Town of Lady Lake is a "government, government agency, or political subdivision" and therefore exempt from punitive damages. Bailey alleges as much in his Amended Complaint.[3] See also Florida Statute § 768.28(2), (5) (stating that counties and municipalities are considered "state agencies and subdivisions" and exempt from punitive damages); Erickson v. Hunter, 932 F. Supp. 1380, 1385 (M.D. Fla. 1996) (recognizing that Collier County, Florida is a political subdivision and exempt from punitive damages in a discrimination action).  To the extent Bailey also seeks relief for the alleged violation of his constitutional rights, the United States Supreme Court and the Eleventh Circuit have also previously held that punitive damages are not recoverable against a municipality in a § 1983 action for the violation of a constitutional right.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Murphy v. City of Flagler Beach, 846 F.2d 1306, 1309, n. 5 (11th Cir. 1988).  As such, all claims for punitive damages against the Town of Lady Lake shall be stricken.

The Individual Defendants, who are named in Bailey's two § 1983 claims (Counts III and IV), also contend that Bailey's request for punitive damages should be stricken because he has not sufficiently set forth a factual predicate for them in his Amended Complaint.  According to the Individual Defendants, punitive damages may be recovered only where a "defendant was motivated by an evil motive or intent," or there was a "reckless and callous indifference to [the plaintiff's] federally protected rights." Anderson

---

[3] "Defendant, Town of Lady Lake, Florida, . . . is a municipal corporation and/or political subdivision of the State of Florida." Am. Complt. ¶ 2.

v. City of Atlanta, 778 F.2d 678, 688 (11th Cir. 1985).   Because Bailey's Amended

Complaint does not contain this exact language, the Individual Defendants argue that his

request for punitive damages should be stricken.

Although Bailey does not use this "magic language" in his Amended Complaint, he

does allege that the Individual Defendants "willfully and intentionally" violated his

constitutional rights, and "willfully and intentionally" retaliated against him.[4]  Bailey further

alleges that the Individual Defendants "intentionally discriminated" against him and

deprived him of his property and liberty interest in his employment and business

reputation.[5]  The Court finds this language to be sufficient to put the Individual Defendants

on notice that Bailey is seeking punitive damages based on the Individual Defendants

"intentional and willful" conduct.  That is all that is required at this stage under the Federal

Rules of Civil Procedures' notice pleading standard, see Fed.R.Civ.P. 8(a), and the

Individual Defendants have not submitted any authority to the contrary.[6]  Whether or not

Bailey can establish the standard set forth in Anderson is a question for the trier of fact.

---

[4]Am. Complt., ¶¶ 3-5, 13, 46.

[5]Id., ¶ 38

[6]The two decisions the Individual Defendants rely on dismissed claims for punitive damages at the summary judgment stage (Brantley v. The City of Macon, 390 F.Supp. 2d 1314 (M.D. Ga. 2005)), and following the completion of a jury trial (Anderson v. City of Atlanta, 778 F.2d 678 (11th Cir. 1985).  In both cases, the factual record had been fully developed, and had been presented to the trier of fact.   Neither case stands for the proposition that a plaintiff must plead the precise language quoted by the Individual Defendants in order to avoid dismissal at the motion to dismiss stage.

To the extent Bailey's claims against the Individual Defendants will go forward, his request for punitive damages will also stand.

## II.    Individual Defendants' Motion to Dismiss

The Individual Defendants seek dismissal of all claims against them in Bailey's Amended Complaint for a variety of reasons.  First, they argue that to the extent Counts I and II, the § 1981 claims, are alleged against the Individual Defendants, those claims should be dismissed.  The Court previously dismissed all § 1981 claims against the Individual Defendants in both their individual and official capacities, (Doc.  17, pp.  6-7), and a cursory review of the Amended Complaint clearly shows that there are no § 1981 claims against the Individual Defendants.  Further, Bailey confirms in his response in opposition that he has not brought his § 1981 claims against the Individual Defendants. See Doc. 30, p.  1.  Accordingly, this portion of the Individual Defendants' motion to dismiss is due to be denied as moot.

A.    Qualified Immunity - Discretionary Authority

The Individual Defendants also seek dismissal of Bailey's § 1983 claims (Counts III and IV) on the grounds that Bailey has not met the heightened pleading requirement for bringing such claims against individuals who are otherwise entitled to qualified immunity. This is the same argument the Individual Defendants raised in their motion to dismiss Bailey's original complaint, and the Court agreed because Bailey failed to allege a single violation of a constitutional right.   The Individual Defendants contend that Bailey's

Amended Complaint still does not satisfy the heightened pleading requirement.  See GRJ Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359, 1367 (11th Cir. 1998).

"The purpose of [qualified] immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation," Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir.2002), by ensuring that only "the plainly incompetent or those who knowingly violate the law" are subjected to liability.  Chesser v. Sparks, 248 F.3d 1117, 1122 (11th Cir.2001) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).  "To receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred."  Vinyard, 311 F.3d at 1346 (internal quotations omitted).  Here, the Individual Defendants contend that they were acting within their discretionary capacities when they allegedly violated Bailey's rights, and that the Amended Complaint is devoid of any language stating otherwise.  Bailey, however, argues that just because he has alleged that the Individual Defendants were acting "under the color of law," that does not mean he has alleged that they were acting "within the scope of their employment" or within their discretionary authorities.  To the extent the Court finds Bailey's allegations to be insufficient on this point, he requests leave to amend his claims again.

The Court agrees with the Individual Defendants; there are no allegations in the Amended Complaint that they acted outside of their discretionary authority as supervisors of Bailey, thus the Individual Defendants have satisfied this portion of the qualified immunity analysis.  To the contrary, the Amended Complaint makes clear that the

9

Individual Defendants were all supervisors of Bailey, and had the authority to discipline and/or terminate him.  Moreover, Bailey, while represented by counsel, has already been given two chances to properly allege any facts that would establish that the Individual Defendants were not acting within their discretionary authority.  The Court also provided Bailey with a detailed analysis of the standards and requirements for analyzing qualified immunity in its July 20, 2006 Order, including discretionary authority.

2.    Qualified Immunity - Constitutional Violation

Having determined for purposes of the motion to dismiss stage that the Individual Defendants were acting within their discretionary authority, the remaining procedures for assessing qualified immunity in the Eleventh Circuit consist of two well established inquiries.  Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir.2005).  The first inquiry is "whether plaintiff's allegations, if true, establish a constitutional [or federal statutory] violation."  Hope v. Pelzer, 536 U.S. 730, 736, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002) (citing Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272)); see also Badia v.  City of Miami, 133 F.3d 1443, 1444 (11th Cir.  1998).  If there is a violation of a constitutional right on the facts as alleged and construed to be true, then the second inquiry is "whether the right was clearly established."  Saucier, 533 U.S. at 201, 121 S.Ct. at 2156; see also Behrens v. Regier, 422 F.3d 1255, 1258 n. 7 (11th Cir. 2005).  If "no constitutional [or statutory] right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."

Saucier, 533 U.S. at 201, 121 S.Ct. at 2156; see also Tindal v. Montgomery County Comm'n, 32 F.3d 1535, 1539 (11th Cir. 1994).

Bailey alleges in his Amended Complaint that the Individual Defendants deprived him of three Constitutional rights: (1) his First Amendment right to be free from retaliation for making complaints of discrimination; (2) his Fourteenth Amendment right to equal protection; and (3) his property and liberty interest in his employment and business reputation.  The Individual Defendants attack Bailey's allegations concerning his  First Amendment and Fourteenth Amendment due process rights.[7]

    1.    *First Amendment Claim*

Bailey's First Amendment claim is predicated solely on his allegations that he was retaliated against "for making complaints of discrimination" to the Individual Defendants. Amended Complaint, ¶ 15.[8]  The Individual Defendants contend that because these

---

[7]In his response in opposition, Bailey also argues that he is claiming that the Individual Defendants violated his statutory right to be free from workplace discrimination, and that this right is clearly established.  However, a review of Bailey's Amended Complaint clearly demonstrates that he has not made any such allegations with respect to the Individual Defendants.  Rather, his two claims against the Individual Defendants are limited to the three constitutional violations listed above.  All references to workplace discrimination, including Title VII, are contained in the two claims brought solely against the Town of Lady Lake.  Bailey has already had two chances to properly allege any such workplace harassment claims against the Individual Defendants, and the Court is not inclined to grant him a third.

[8]See also Amended Complaint ¶ 12 ("Plaintiff, J. Patrick Bailey, complained about the discriminatory treatment and harassment by Defendants. Specifically, Plaintiff initially complained directly to Defendant, Ed Nathanson, and subsequently complained to Defendants, Sue Gay, and Cathy Thurmann.").

complaints involve purely personal matters, they are not entitled to First Amendment protection.   Bailey does not address this argument in his response in opposition.

"The right to be free from retaliation is clearly established as a <u>first amendment</u> right and as a <u>statutory</u> right under Title VII. . . ."  <u>Ratliff v. DeKalb County, Ga.</u>, 62 F.3d 338, 340 (11th Cir.1995) (emphasis in original).  However, the Individual Defendants are correct that speech which is only of purely personal concern is not protected by the First Amendment. <u>Badia</u>, 133 F.3d at 1444.  <u>See</u> <u>also</u>  <u>Connick v. Myers</u>, 461 U.S. 138, 149 (1983) (to be protected by the First Amendment, a government employee's speech must be about an important matter of public interest).  "The inquiry into the protected status of speech is one of law, not fact," <u>Connick</u>, 461 U.S. at 147, and thus may determined at the motion to dismiss stage.  To assess Bailey's speech, the Court will look to the "content, form, and context" to assess whether it "may be fairly characterized as constituting speech on a matter of public concern."  <u>Tindal</u>, 32 F.3d at 1539 (citation and internal quotations omitted).   If it is unclear whether Bailey's complaints were of the kind held to involve a matter of public concern, then the Individual Defendants' alleged actions did not violate clearly established First Amendment rights and they are entitled to qualified immunity. <u>Badia</u>, 133 F.3d at 1445; <u>Tindal</u>, 32 F.3d at 1539.

The only speech Bailey refers to in his Amended Complaint is speech relating to his own personal discrimination, harassment and retaliation.  Bailey only discusses harm that he personally suffered and seeks damages only to remedy that personal harm.  Such speech "which exposes personally suffered discrimination for personal benefit is not

12

entitled to First Amendment protection." <u>Badia</u>, 133 F.3d at 1445.  <u>See also</u> <u>Tindal</u>, 32 F.3d at 1539 (citing <u>Morgan v. Ford</u>, 6 F.3d 750, 754-55 (11th Cir. 1993)); <u>Gonzalez v. Lee County Housing Authority</u>, 161 F.3d 1290, 1296-97 (11th Cir. 1998).  Accordingly, to the extent Bailey's § 1983 claims against the Individual Defendants are predicated on a violation of his First Amendment rights, the Court finds that the Individual Defendants are entitled to qualified immunity because Bailey has not established a violation of a clearly established constitutional or federal statutory right.

> 2.    *Fourteenth Amendment Procedural Due Process Rights*

Bailey's Fourteenth Amendment claims are premised on allegations that he was deprived of his property and liberty interests in his employment by, *inter alia*, denying him due process with respect to his employment, subjecting him to disparate treatment, interfering with his business reputation and employment opportunities, failing to promote him, demoting him, suspending him and unfairly disciplining him.  Amended Complaint, ¶ 14.  In other words, Bailey alleges a violation of both his procedural and substantive due process rights.

The Due Process Clause of the Fourteenth Amendment provides that no state "shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. Amend. XIV, § 1.  "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property."  <u>Arrington v. Helms</u>, 438 F.3d 1336, 1347 (11th Cir. 2006) (quotation omitted).  Thus, a claim alleging the denial of procedural due process, under 42 U.S.C. § 1983, requires proof

13

of three elements: "(1) a deprivation of a constitutionally-protected liberty interest; (2) state action; and (3) constitutionally-inadequate process." Id.

Here, the Individual Defendants contend that Bailey has not established a constitutionally protected liberty interest. Bailey, however, contends that he has, namely an interest in his job and his business reputation. A public employee has a property interest in employment if "existing rules or understandings that stem from an independent source such as state law create a legitimate claim of entitlement." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577-78 (1972). See also Ross v. Clayton County, Ga., 173 F.3d 1305, 1307 (11th Cir. 1999). This determination requires examination of relevant state law. Bishop v. Wood, 426 U.S. 341, 344-45 (1976). Generally, a public employee has a property interest in continued employment if state law or local ordinance in any way "limits the power of the appointing body to dismiss an employee." Barnett v. Housing Auth. of City of Atlanta, 707 F.2d 1571, 1577 (11th Cir.1983), overruled on other grounds by McKinney v. Pate, 20 F.3d 1550, 1558 (11th Cir.1994) (en banc).

Although Bailey does not explain this fully in his Amended Complaint, he does state in his response in opposition that Fla. Stat. § 112.532 arguably creates a protectable property interest in his employment. This statute sets forth a detailed series of procedures for investigating and/or disciplining law enforcement and corrections officers, up to and including termination. In other words, Fla. Stat. § 112.532 "limits the power of the appointing body to dismiss an employee." Accordingly, the Court finds that, at least at this

stage in the litigation, Bailey has established a property interest in his employment, such that the Individual Defendants are not entitled at this point to qualified immunity.

Bailey also claims a deprivation of his liberty interest in his business reputation. "[A]lthough damage to reputation, standing alone, does not provide a basis for an action under 42 U.S.C. § 1983[,] when reputational damage is sustained in connection with a termination of employment, it may give rise to a procedural due process claim for deprivation of liberty which is actionable under section 1983." Cotton v. Jackson, 216 F.3d 1328, 1330 (11th Cir.2000) "To recover, a plaintiff must satisfy a six-factor test and show that (1) a false statement, (2) of a stigmatizing nature, (3) attending a governmental employee's discharge, (4)[was] made public, (5) by the governmental employer, (6) without a meaningful opportunity for an employee name clearing hearing." Id. (quotations omitted). Such a hearing may "be held either before or after the termination or publication." Id. "If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process." Id. at 1331.

Bailey's Amended Complaint does not address any of these six factors or any state remedies that may have been available, and his response in opposition does not address his business reputation claims.  Therefore, Bailey has not properly alleged a violation of a clearly established constitutional or statutory right with respect to his reputation, and the Individual Defendants are entitled to qualified immunity as to this portion of his procedural due process claim.

*3.      Fourteenth Amendment Substantive Due Process Rights*

Finally, Bailey appears to allege the Individual Defendants also violated his substantive due process rights in his employment and business reputation. "The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.' " McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir.1994) (en banc) (quoting Palko v. Connecticut, 302 U.S. 319, 325 (1937)).  Substantive due process rights are created by the Constitution, and "no amount of process can justify [their] infringement." McKinney, 20 F.3d at 1557.  Thus, in order to have a substantive due process claim, Bailey must have a substantive right created by the Constitution.  Id. at 1556.

It is clear that at least in this Circuit, there is no substantive due process right to employment or business reputation.  These rights are created by state tort and/or employment law, if at all, and therefore are not "fundamental" rights created by the Constitution.  McKinney, 20 F.3d at 1556-60.  See also Tindal, 32 F.3d at 1537.  As such, Bailey cannot establish a clearly established constitutional violation of his substantive due process rights, and the Individual Defendants are entitled to qualified immunity on this claim.

*4.      Fourteenth Amendment Equal Protection Claims*

Bailey also alleges that the Individual Defendants violated his rights to equal protection when they discriminated and retaliated against him.  The Individual Defendants do not attack these claims in their motion to dismiss.  While the Court is unsure of the

continued vitality of these claims,[9] the Court will not pass judgment at this time and will allow them to go forward.

## Conclusion

Normally the Court is reluctant to grant motions to dismiss based on the defense of qualified immunity, because analysis of this defense usually involves a very fact intensive inquiry.  In this case, however, where it is clear that no set of facts would support Bailey's First Amendment and Substantive Due Process claims, and at least one of his Procedural Due Process claims, the Court finds that dismissal is appropriate.  The Court also finds that Bailey is not entitled to another opportunity to amend his claims; he was represented by counsel through the majority of this litigation, and was previously afforded an opportunity to amend to correct the very deficiencies at issue in this Order.  Moreover, he was represented by counsel at the time he filed his Amended Complaint and his opposition to the present motion to dismiss.  Accordingly, upon due consideration, it is ORDERED and ADJUDGED that:

(1)   Defendants' Motion to Strike Plaintiff's Claims for Punitive Damages (Doc. 20) is GRANTED IN PART AND DENIED IN PART.  All claims for punitive damages against Defendant Town of Lady Lake, Florida as set forth in Counts I-IV of the Amended Complaint, are STRICKEN.  All claims for punitive damages against the Individual Defendants shall remain in the case;

_____

[9]See, e.g., Watkins v.  Bowden, 105 F.3d 1344 (11th Cir.  1997).

(2)     Defendants Sue Gay, Cathy Thurman and Ed Nathanson's Motion to Dismiss Plaintiff's Amended Complaint (Doc.  21) is GRANTED IN PART AND DENIED IN PART. Defendants Gay, Thurman, and Nathanson's Motion to Dismiss all claims brought under 42 U.S.C. § 1981 (Counts I and II) is DENIED AS MOOT;

(4)     All claims against Defendants Gay, Thurman and Nathanson in their individual capacities under 42 U.S.C. § 1983 (Counts III and IV), which are premised on alleged violations of the Plaintiff's First Amendment rights are DISMISSED;

(5)     All claims against Defendants Gay, Thurman and Nathanson in their individual capacities under 42 U.S.C. § 1983 (Counts III and IV), which are premised on alleged violations of Plaintiff's Fourteenth Amendment procedural due process rights with respect to his business reputation are DISMISSED;

(6)     All claims against Defendants Gay, Thurman and Nathanson in their individual capacities under 42 U.S.C. § 1983 (Counts III and IV), which are premised on alleged violations of Plaintiff's Fourteenth Amendment substantive due process rights are DISMISSED;

(7)     The Plaintiff's 42 U.S.C. § 1983 claims against Defendants Gay, Thurman and Nathanson in their individual capacities (Counts III and IV), which are premised on alleged violations of Plaintiff's Fourteenth Amendment equal protection rights, and his Fourteenth Amendment procedural due process rights with respect to his property interest in employment shall go forward.

IT IS SO ORDERED.

18

DONE and ORDERED at Ocala, Florida this 27th day of February, 2007.

UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record
              John Patrick Bailey, *pro se*