UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN PATRICK BAILEY,

          Plaintiff,

-vs-                                    Case No. 5:05-cv-464-Oc-10GRJ

TOWN OF LADY LAKE, FLORIDA, SUE
GAY, CATHY THURMANN, ED
NATHANSON,

          Defendants.
_____/

# **O R D E R**

This racial discrimination in employment and retaliation case is before the Court for consideration of the Defendants' Motion for Summary Judgment (Doc. 51). The Plaintiff, who is proceeding *pro se*,[1] has not filed a response and the time for responding has elapsed.[2] For the reasons set forth below, the Defendants' motion is due to be granted.

## **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The pleadings, memoranda, affidavits and other evidence in the record, construed in the manner most favorable to the Plaintiff, disclose the following details.

---

[1] The Plaintiff was originally represented by counsel. On December 27, 2006, the Court granted Plaintiff's counsel's motion to withdraw, and the Plaintiff has been proceeding *pro se* since that time. (Doc. 44).

[2] The Court served the Plaintiff with a Summary Judgment Notice on February 16, 2007 (Doc. 52), which explained to the Plaintiff that failure to respond to the Defendants' motion would indicate that it was not opposed, and that the Plaintiff could not rely solely on the allegations of the issue pleadings in opposing the motion.

A. <u>The Parties.</u>

The Plaintiff, John Patrick Bailey, is an African-American male who was employed as a police officer for the Town of Lady Lake Police Department from October 18, 1999 to February 14, 2007. He was initially hired as a patrol officer, and was promoted to sergeant in late 2002. In March 2003, Bailey was demoted back to patrol officer, and eventually promoted back to sergeant in January 2005. He remained in the position of sergeant until his employment terminated in 2007.

Defendant Town of Lady Lake was Bailey's employer. Defendant Ed Nathanson has served as the Chief of Police for the Lady Lake Police Department since 1997, and has been employed by the Town of Lady Lake since 1982. As Chief of Police, Nathanson is responsible for the day-to-day operations of the police department. He reports directly to the Town Manager, and makes recommendations to the Town Manager regarding the hiring, firing, promotion, demotion, and/or transferring of police department employees. At all times the Town Manager retained the requisite authority to review, approve, amend or reverse any employment decision Nathanson made.

Defendant Sue Gay began her employment with the Town of Lady Lake in 1987. She served as the Town Clerk from 1997 until January, 2006. In August 2003, she was appointed Acting Town Manager, and remained in that position until a permanent replacement was located on March 1, 2004. During this time, and until her employment ended on January 23, 2006, Gay continued to perform the position of Town Clerk.

Defendant Cathy Thurmann was hired as a police officer for the Town of Lady Lake in July, 1995. After several promotions, she served as commander for the police department from October 2000 to September 2003, at which time she left the Town's employment. While commander, Thurmann was partially responsible for day-to-day operations at the police department, along with Nathanson. Thurmann reported directly to Nathanson, and made recommendations to him regarding employment decisions.

B.   Bailey's Employment.

The Town of Lady Lake hired Bailey in October 1999. Thurmann and Nathanson served on the hiring committee that selected Bailey, and they both voted in favor of Bailey's hiring. For the first two years of his employment, it appears that Bailey did not have any major problems or complaints, and on December 2, 2002, the Defendants promoted Bailey to sergeant. However, soon after his promotion, Bailey began experiencing difficulties with his job performance. While on his standard 180-day probationary period following his promotion, Bailey experienced numerous attendance problems, failed to promptly complete reports and daily worksheets, failed to review subordinate officers' reports in a timely manner, and failed to attend at least one mandatory staff meeting, without notifying Thurmann in advance. Nathanson also observed that Bailey was not as dependable as previously thought, and was not a strong leader or decision maker.

On three occasions, Thurmann issued written reprimands to Bailey regarding his performance issues. One of the reprimands was rescinded by Nathanson. The other two, which were both issued on February 12, 2003, discussed Bailey's deficient performance,

including his failure to submit timely and complete reports and daily worksheets, and failure to communicate with Thurmann regarding Town business or return phone calls.[3] Neither reprimand suggested any employment action be taken against Bailey, other than to state that his actions demonstrated "substandard performance."[4] However, at some point thereafter, Thurmann recommended to Nathanson that Bailey be demoted, and on March 19, 2003, Nathanson recommended to the Town Manager that Bailey be demoted from sergeant back to patrol officer, based on Bailey's failure to satisfactorily perform his job duties and responsibilities.[5] Bailey's demotion became effective on March 31, 2003.

Bailey contacted Gay in August 2003, while Gay was then-Acting Town Manager, to discuss discrimination he claimed to have experienced at the workplace. Gay and Bailey met to discuss his concerns, but Bailey did not provide Gay with any details to support his claim. He also refused to allow Gay to conduct an investigation. Instead, and pursuant to Gay's request, on August 28, 2003, Bailey wrote two letters to Gay regarding his allegations of discrimination.[6] The letters stated that Bailey had "been subject to racial derogatory statements from coworker[s], supervisors and other town employees," and that Bailey had reported this conduct to Thurmann, who failed to take any action to resolve the

---

[3] See Exhibits 3 and 4, attached to Defendants' Motion for Summary Judgment.

[4] Id.

[5] At the time of Bailey's original promotion to sergeant and his demotion to patrol officer, the Town Manager was Jim Coleman. Bill Vance was hired to replace Gay as Town Manager in March 2004.

[6] See Exhibits 5 and 6, attached to Defendants' Motion for Summary Judgment.

situation.[7]  The letters also stated that Bailey was subjected to "the misuse and/or abuse of policies, rules and regulations to unfairly discipline me," and that he had been disciplined for infractions committed by others without consequence.[8]

Bailey also stated in the letters that he had attempted to complain to Thurmann, Nathanson, and others about his treatment, which was met with no action, and claimed to have been threatened with severe punishment, including termination, if he complained to anyone outside the police department.  Bailey further contended that he was demoted in March 2003 because of his complaints to outside sources, and that he was "set up to fail" in his position as sergeant, because he did not receive any training for the position.[9]  Bailey concluded both letters with a request that Gay conduct an investigation into his claims of discrimination and negligent job performance by others, and specifically asked for assurances that he would not be retaliated against.  Bailey also agreed to "provide detailed events and witnesses" when he met with Gay or the person charged with conducting his investigation.[10]  Neither letter provided any details as to what the allegedly discriminatory comments were, the identity of the person(s) who said them, the identity of any similarly situated non-black employees who were treated more favorably, or any details regarding the other alleged instances of discrimination.

---

[7] See Exhibit 5.

[8] Id.

[9] Id.

[10] Id.

Bailey and Gay scheduled several meetings to discuss his letters and his investigation, but each time Bailey either cancelled the meetings or failed to attend. Based on Bailey's continued failure to cooperate, and the lack of any details in his letters, Gay did not conduct any investigation of his claims.

Despite his complaints, Bailey's performance improved over time, and on January 14, 2005 Nathanson promoted Bailey back to sergeant. In July 2005, Bailey applied for a promotion to lieutenant. One of the requirements of the position is five years of supervisory and administrative experience.[11] At the time he applied, Bailey did not have five years of supervisory experience. Several applicants also applied, including Gene Wadkins, a white male. Wadkins had the necessary experience: he served as Chief of Police for the Town of Mascotte from 1997-2002, police officer for the Town of Mascotte from 1993-1997, and as a Sheriff deputy from 2002-2003.[12] Nathanson and the Town of Lady Lake hired Wadkins for the position, effective September 5, 2005. Bailey remained employed as a sergeant until February 14, 2007, at which time he resigned from the police department.[13]

---

[11] See Exhibit 8, attached to Defendants' Motion for Summary Judgment.

[12] See Exhibit 9, attached to Defendants' Motion for Summary Judgment.

[13] The Defendants briefly mention that Bailey made numerous other complaints throughout his career with the Town of Lady Lake Police Department, regarding oral and written counselings, and alleged denials of training and/or continuing education. There is no evidence in the record concerning these complaints, and therefore the Court will not consider them.

C.   Procedural History

On November 15, 2005, Bailey filed a four-count Complaint against all of the Defendants. (Doc. 1). The Complaint alleged two claims of disparate treatment based on race, in violation of 42 U.S.C. § 1981, and 42 U.S.C. § 1983 (Counts I and III), and two claims of retaliation in employment, also in violation of §§ 1981 and 1983 (Counts II and IV). On July 20, 2006, the Court dismissed all § 1981 claims against Nathanson, Thurmann, and Gay, and all § 1983 claims against these three Defendants in their official capacities. (Doc. 17). Bailey filed an Amended Complaint on August 8, 2006, which consists of two § 1981 claims against the Town of Lady Lake, and two § 1983 claims against all Defendants. (Doc. 18).

On March 5, 2007, the Court struck all of Bailey'claims for punitive damages against the Town of Lady Lake. (Doc. 53). The Court also dismissed all of Bailey's § 1983 claims against Gay, Thurmann and Nathanson which were premised on alleged violations of Bailey's First Amendment rights, Fourteenth Amendment procedural due process rights with respect to his business reputation, and Fourteenth Amendment substantive due process rights. The only claims which now remain in this case are Bailey's § 1981 discrimination and retaliation claims against the Town of Lady Lake, and Bailey's § 1983 claims against all Defendants for discrimination, retaliation, violation of his Fourteenth Amendment equal protection rights, and Fourteenth Amendment due process rights with respect to his property interest in employment.

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." Samples on Behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). As the Supreme Court held in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." Rollins v. Techsouth, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.

## DISCUSSION

A.   Defendant Sue Gay

Because Bailey has not submitted a response to the Defendants' motion for summary judgment, the Court can only assume from the available record that all of Bailey's claims against Gay center on his two written reprimands in February 2003, his demotion to patrol officer in March 2003, and his failure to receive a promotion to lieutenant in August 2005. The Court need not give these claims much consideration, as Bailey has

not presented a single shred of evidence establishing that Gay had any involvement whatsoever in any of these adverse employment actions, either directly or as a supervisor of Nathanson and Thurmann. Rather, it is undisputed that when these actions took place, Gay was not the Acting Town Manager, but was serving solely as Town Clerk. It is equally undisputed that in her role as Town Clerk, Gay had no role or authority in any employment decisions with respect to any police officer, including Bailey. Because Gay did not participate in any manner in any of the employment actions which form the basis for Bailey's claims, she is entitled to summary judgment on all claims against her.[14]

B.  42 U.S.C. § 1981 Claims

Bailey has alleged two claims of employment discrimination and retaliation under 42 U.S.C. § 1981 solely against the Town of Lady Lake. Again, the Court can only assume that these claims are premised on the two written reprimands in February 2003, Bailey's demotion in March 2003, and his failure to receive a promotion in August 2005. When analyzing discriminatory treatment claims under § 1981 which are premised solely on circumstantial evidence, (as is the case here), the Court applies the same burden-shifting analysis used for Title VII discrimination claims. Turnes v. AmSouth Bank, N.A., 36 F.3d

---

[14]Although such claims are absent from his Amended Complaint, Bailey mentions in his deposition that Gay violated his rights and retaliated and/or discriminated against him for failing to conduct an investigation into his August 2003 internal complaints. The Court is unaware of any legal authority stating that the failure to investigate internal complaints constitutes an adverse employment action, for which relief may be sought. And, in the absence of any evidence that Gay did not investigate Bailey's complaints because of his race or in retaliation for making the complaints, the Court cannot find that Gay acted with any discriminatory or retaliatory animus.

1057, 1060 (11th Cir. 1994); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); 42 U.S.C. § 2000e-2(a)(1).

The first step in the burden-shifting analysis is Bailey's *prima facie* case. In order to present a *prima facie* case of racial discrimination, Bailey must show that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and (4) he was qualified to do the job. Burke-Fowler v. Orange County, Fla., 447 F.3d 1319, 1323 (11th Cir. 2006). A *prima facie* case must be established with "facts adequate to permit an inference of discrimination." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (per curiam) (citations omitted).

There is no dispute that Bailey was both a member of a protected class and that he suffered three adverse employment actions. However, Bailey has not submitted any evidence that the Town of Lady Lake treated any similarly situated, non-minority employee more favorably than it treated him. "If a plaintiff fails to show the existence of a similarly situated [non-minority] employee, summary judgement is appropriate where no other evidence of discrimination is present." Holifield, 115 F.3d at 1562. More specifically, with respect to the written reprimands and demotion, Bailey has not submitted any evidence that any non-minority employees with the Town of Lady Lake police department engaged in similar behavior and were either not disciplined, or were disciplined in a less severe manner. See Burke-Fowler, 447 F.3d at 1323. Bailey also has not presented any other

evidence of discrimination such that his failure to identify a comparator could be overlooked.

With respect to his failure to promote claim, Bailey must establish that (1) he is a member of a protected class; (2) he was qualified for the lieutenant position; (3) despite his qualifications, he was rejected for the position; and (4) the position was filled with a person outside the protected class. Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 768 (11th Cir. 2005); Walker v. Mortham, 158 F.3d 1177, 1186-87 (11th Cir. 1998). Bailey has not shown that he was qualified for the lieutenant position. It is undisputed that he did not have the requisite number of years of supervisory experience at the time he applied for the position, and Bailey has not submitted any evidence to the Court challenging this fact. Because Bailey has failed to establish a *prima facie* case of discrimination as to all three adverse employment actions, the Town of Lady Lake is entitled to summary judgment as to Bailey's claim of discrimination under § 1981.[15]

The Town of Lady Lake is also entitled to summary judgment on Bailey's § 1981 claim of retaliation. A *prima facie* case of retaliation requires that Bailey show: (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) there is some causal connection between the two events. Brown v. Snow, 440

---

[15]Even if Bailey had established a *prima facie* case with respect to the lieutenant position, the Town of Lady Lake presented a legitimate non-discriminatory basis for choosing Wadkins over Bailey - Wadkins was clearly the best qualified person for the job, and had tremendous supervisory experience - and Bailey has not refuted these reasons, or shown any evidence of pretext.

11

F.3d 1259, 1266 (11th Cir. 2006); Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998).  While it is not disputed that Bailey satisfies the first two elements, he has failed to establish any causal connection between any of the three adverse employment actions and his protected activity.

To establish a causal connection, Bailey must provide evidence that:  (1) the decision-makers responsible for the adverse actions were aware of the protected activity; and (2) the adverse acts were at least somewhat related and in close temporal proximity to the protected activity.  Higdon, 393 F.3d at 1220 (11th Cir. 2004); Gupta v. Fl. Bd. of Regents, 212 F.3d 571, 590 (11th Cir. 2000).  The only protected activity for which there is record evidence is Bailey's complaints to Gay in August 2003.  Aside from the fact that there is no record evidence that either Nathanson, Thurmann, or the Town Manager at those points in time were aware of Bailey's complaints, the complaints were made approximately six months <u>after</u> the two written reprimands and approximately five months <u>after</u> Bailey's demotion.  It would defy logic to find that adverse actions which took place several months <u>before</u> any protected activity could somehow be causally related to each other.  See. e.g., Williams v. Russell Corp, 218 F.Supp. 2d 1283 (M.D. Ala. 2002) (employee cannot establish causal link to support retaliation claim where discipline took place nine days before she filed her complaint).

There is also a lack of causal connection between Bailey's rejection for the lieutenant position and these August 2003 complaints.  Bailey was not selected for lieutenant in August 2005, <u>two years after</u> his complaints to Gay.  Such a lengthy time gap, in the

absence of any other causal evidence, cannot, by itself, establish that Bailey was not promoted because of his complaints.  See, e.g. Clark County School Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (three-month interval between protected activity and adverse action insufficient to establish causation); Drago v. Jenne, 453 F.3d. 1301, 1307-08 (11th Cir. 2006) (same); Higdon, 393 F.3d at 1221 (same); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 951 (11th Cir. 2000) (seven-month time period between protected activity and adverse employment action is too indirect to satisfy causal connection requirement). The fact that Bailey received a promotion back to sergeant in January 2005, despite having made his complaints to Gay, further militates against finding a causal link between his August 2003 complaints and his rejection for lieutenant.  Accordingly, summary judgment is appropriate as to Bailey's § 1981 retaliation claim.

C.    42 U.S.C. § 1983 Claims

Bailey has also asserted two claims of discrimination and retaliation against all Defendants, premised on the same three adverse employment actions, under 42 U.S.C. § 1983.  With respect to Nathanson and Thurmann, who are sued in their individual capacities, claims of retaliation and discrimination brought under § 1983 are analyzed using the same burden-shifting framework as Title VII claims.  See Underwood v. Perry County Comm'n, 431 F.3d 788, 793 (11th Cir. 2005); Thigpen v. Bibb County, Ga., Sheriff's Dept., 223 F.3d 1231, 1239 (11th Cir. 2000); Cross v. State of Alabama, 49 F.3d 1490, 1507-08 (11th Cir. 1995).  The Court has already analyzed Bailey's disparate treatment and retaliation claims under this Title VII framework, and found them to be without merit as they

pertain to the Town of Lady Lake.  This same analysis applies equally to Nathanson and Thurmann, and therefore, they are entitled to summary judgment as to all § 1983 claims brought against them which are based on allegations of disparate treatment and/or retaliation.

The Town of Lady Lake is also entitled to summary judgment on all § 1983 claims. It appears that these claims are largely duplicative of Bailey's § 1981 claims.  To the extent that these claims seek identical relief under identical legal theories, summary judgment is appropriate for the same reasons discussed above.  To the extent Bailey is seeking relief under a theory of municipal liability, his claims also fail.  It is well established that a municipality "may be held liable under §1983 only when the deprivation at issue was undertaken pursuant to city "custom" or "policy," and not simply on the basis of respondeat superior."  Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1479 (11th Cir. 1991).  See also Pembaur v. Cincinnati, 475 U.S. 469, 478-80 (1986); Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978).  In addition, a municipality may be held liable for actions taken by a decision maker with final authority over the actions in question, *i.e.* "acts which the municipality has officially sanctioned or ordered."  Pembaur, 475 U.S. at 480.

In this case, Bailey has not established municipal liability under either theory.  The actions Bailey apparently complains of were not officially sanctioned or ordered by a final decision maker for the Town of Lady Lake.  In this case, the only policy maker Bailey could possibly be pointing to is the Town Manager, however, the Town Manager did not have final authority in this case.  Employment decisions can be appealed to the Town

14

Commission, which has the power to reverse the Town Manager's decision.[16]  This Circuit has held that a municipal official does not have final policymaking authority over a particular subject matter when the official's decisions are subject to meaningful administrative review.  Scala v. City of Winter Park, 116 F.3d 1396 (11th Cir. 1997).  The fact that Bailey did not seek such a review does not alter this doctrine, and Bailey's failure to identify an individual involved in his employment decisions who had final policymaking authority defeats his § 1983 claims against the Town of Lady Lake.[17]

To the extent Bailey is also alleging that the Town of Lady Lake engaged in a pattern, policy, or practice of discrimination and retaliation, such claims also fail.  There is no evidence that the Town of Lady Lake allows discrimination based on race or retaliation.  In fact, the only evidence on this point is the Town's Equal Employment Opportunity policy, which states that "[t]he Town and all subordinate departments will not discriminate in employment, employee development, or employment advancement, because of religious or political opinions or affiliations, race, color, national origin, sex, age, physical handicap,

---

[16]See Exhibit 10, pp. 50-52, attached to Defendants' Motion for Summary Judgment.

[17]Even if Bailey could somehow prove that the Town Manager was the final policymaker in this case, his claims against the Town of Lady Lake would still fail.  The Town Manager at the time of Bailey's written reprimands and demotion was Jim Coleman, and the Town Manager at the time Bailey was passed over for promotion to lieutenant was Bill Vance.  There is no evidence that either Coleman or Vance had anything to do with these employment decisions, much less that they ordered or sanctioned them in any way.  For example, it does not appear that Bailey ever appealed these employment actions up to the Town Manager, as he is permitted under established grievance procedures.  There is also no evidence that either Coleman or Vance had any discriminatory animus towards Bailey, or had any interactions with him on any level.  Indeed, neither Coleman or Vance are parties to this lawsuit.

or other non-merit factors . . . ."[18]  Bailey has not produced any evidence of any discriminatory or retaliatory policies or customs.  Given the complete lack of any evidence to support his § 1983 claims, the Town of Lady Lake is entitled to summary judgment.

D.     Other Claims

In Count IV of his Amended Complaint - the § 1983 retaliation claim - Bailey also asserts against all Defendants a Fourteenth Amendment procedural due process right violation for the alleged loss of his property interest in employment, and a Fourteenth Amendment equal protection claim.  These claims are also without merit.  Again, municipal liability does not exist against the Town of Lady Lake because Bailey has not identified an official with final policymaking authority who was involved in the alleged actions, or provided any evidence of unconstitutional policies or customs.

Bailey's Fourteenth Amendment procedural due process claim also fails because he has not identified any process that he was due and did not receive, nor has he established any constitutional deficiencies in the process available.  The Town of Lady Lake had, and continues to maintain, a fully-developed, multi-step grievance process for all employment decisions. The process includes appealing decisions to the Town Manager, and, if desired, the Town Commission.[19]  Bailey has produced no evidence showing that this process is constitutionally deficient, nor has he produced any evidence that he even used this process

---

[18] See Exhibit 10, pp. 17-18, attached to Defendants' Motion for Summary Judgment.

[19] See Exhibits 10 and 11, attached to Defendants' Motion for Summary Judgment.

in any way.  See Ross v. Clayton County, Ga., 173 F.3d 1305, 1307 (11th Cir. 1999); Wofford v. Glynn Brunswick Memorial Hosp., 864 F.2d 117, 118 (11th Cir. 1989).

Lastly, Bailey's Fourteenth Amendment equal protection claim fails for the same reasons that defeated his § 1983 and § 1981 discrimination and retaliation claims.  See Richardson v. Leeds Police Dept., 71 F.3d 801, 805 (11th Cir. 1995) (the same framework traditionally applied to Title VII claims also applied to a claim for a § 1983 violation based on the equal protection clause).

## **CONCLUSION**

Accordingly, upon due consideration, it is hereby ORDERED and ADJUDGED that the Defendants' Motion for Summary Judgment (Doc. 51) is GRANTED.  The Clerk is directed to enter judgment in favor of the Defendants and against the Plaintiff as to all claims in this case.  The Clerk is further directed to terminate any pending motions and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 7th day of June, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             John Patrick Bailey, *pro se*